## Uniform Land of Oxford Valley, Inc. v. Pennsylvania National Mutual Casualty Insurance Company

*Herbert Pressman*, for plaintiff.

*Daniel J. Ryan*, for defendant.

JAMISON, *J.*, January 26, 1976—This matter comes before the court on plaintiff's motion "for production and inspection of tangible things" pursuant to Pa.R.C.P. 4009. The record consists of the complaint, answer, motion to produce and objections to the motion in the form of a reply to the motion. Plaintiff instituted this action on policies of fire insurance issued by defendants for the recovery of the amount of loss to its property resulting from a fire. Defendants deny liability, alleging that plaintiff willfully and purposely set fire to the property in question.

The motion to produce contains five requests for production of documents. The reply to the motion merely cites Pa.R.C.P. 4009 and 4011 verbatim without setting forth specifically the facts and substance in support of the objections. Notwithstanding the lack of specificity, the court will, in the interest of prompt disposition of the matter, rule on the objections to the motion to produce: Ruddy v. Pennsylvania Gas & Water Co., 36 D. & C. 2d 705 (1965).

Rule 4009 declares that "subject to the limita-

tions provided by Rule 4011," the court, on petition, may order a party to produce and permit the inspection and copying of documents, papers and other tangible things in his possession or control. Rule 4011, as amended, provides that no discovery or inspection shall be permitted which "(d) would disclose the existence or location of reports, memoranda, statements, information or other things made or secured by any person or party in anticipation of litigation or in preparation for trial or would obtain any such thing from a party or his insurer, or the attorney or agent of either of them, other than information as to the identity or whereabouts of witnesses."

Plaintiff's first request (a), is for the production of all original and copies of investigative reports pertaining to the fire. It is well established that a party is entitled to routine investigative reports but not to those prepared in anticipation of trial: Lumbermens Merchandising Corporation v. Insurance Company of North America, 43 D. & C. 2d 715 (1968). Defendants' reply to the motion to produce contains no allegation that the requested reports of investigation were prepared in anticipation of trial. In the absence of such allegation, the objection to plaintiff's request for the production of these reports will be overruled because the burden of showing that plaintiff is not entitled to them rests upon defendants: Holowis, Admx. v. Philadelphia Electric Company, 38 D. & C. 2d 260 (1966); Kolansky v. Hills, 34 D. & C. 2d 751 (1964).

The second request (b), is for the production of all "expert reports" obtained by defendants concerning the fire. The objection to this request must be sustained because it is presumed that

reports of experts are prepared in anticipation of trial: Lumbermens Merchandising Corporation v. Insurance Company of North America, supra.

The third request (c), is for the production of correspondence between the parties from the date of the fire to the present time. In the absence of any representation by plaintiff to the contrary, it can be assumed that this correspondence, or copies of it, are in plaintiff's possession. Defendants' objection to this request is, therefore, sustained.

The fourth request (d), is for all statements received by defendants from plaintiff or any other person from the date of the fire to the present time. In the absence of special circumstances, such as those appearing in Baukal v. Acme Markets, Inc., 38 D. & C. 2d 86 (1966), plaintiff is not entitled to a copy of its statement furnished to its insurer and the objection to this request is, therefore, sustained: Burke, Admr. v. Neas, 38 D. & C. 2d 796 (1966). Since there is no allegation by defendants, however, that the statements received by defendants from other persons were prepared in anticipation of trial, the objection to the request for them, as in the disposition of the objection to request (a), is overruled.

Plaintiff's final request (e), is for all other memoranda, documents, papers and books in defendants' possession or control relating to the fire. This request is too broad; if granted, it would require defendants to reveal the entire contents of their file. As observed by McDevitt, J., in Brownstein v. Philadelphia Transportation Company, 46 D. & C. 2d 463, 464 (1969): "Legitimate discovery procedures often are, and sometimes must be, fishing expeditions. What we do condemn is the attempt to fish with a net rather than with

a hook or a harpoon." See 5A Anderson Pa. Civ. Prac. §4011.92, at p. 83; §4011.95 at p. 85, and and cases cited. The objection to this request is sustained.

Accordingly, we enter the following

## ORDER

And now, January 26, 1976, the objection to request (a) of plaintiff's motion is overruled; the objections to requests (b), (c) and (e) are sustained; the objection to request (d) is sustained in part and overruled in part to the extent indicated herein. Defendants shall produce the documents requested, except as otherwise ordered within 30 days.